PER CURIAM.
The petition of The Florida Bar proposing rules of procedure governing proceedings in courts exercising original jurisdiction over juveniles was duly set for oral argument before the Court en banc and was orally argued April 10, 1969. Upon conclusion of the oral argument, this Court referred said petition to its Advisory Committee on Rules for further study and recommendation. The Advisory Committee met in the Supreme Court Building on September 19, 1969, with all members present except Judge Culver Smith of the Fifteenth Judicial Circuit and Honorable Marion Sibley of Miami Beach, Florida. Following the meeting and deliberations of said committee, it unanimously recommended to this Court that the rules proposed for adoption constitute not only rules of procedure but many guidelines for the internal operation of juvenile courts.
The committee further suggested to the Court and the Court agrees that many of the proposed rules could be eliminated as being duplicates of rules appearing in the Florida Rules of Civil Procedure or because they were concerned primarily with internal juvenile court administration over which this Court has no jurisdiction. The committee, after lengthy study, recommended to the Court that in view of the pending referendum of Article V of the Florida Constitution, F.S.A. to be held November 5, 1970, which, if adopted, would result in a complete reorganization of the trial court system of this state, that said rules be referred back to The Florida Bar for further study.
It is therefore:
Ordered that the petition of The Florida Bar for the adoption of said juvenile court rules be and the same is hereby denied and said proposed rules are hereby referred back to The Florida Bar with the request that said rules be reconsidered and restudied subsequent to the referendum of November 5, 1970, heretofore referred to.
It is further:
Ordered that in the reconsideration of said rules the appropriate committee of The Florida Bar endeavor to eliminate therefrom all provisions relating to guidelines for the internal operations of said courts and confine such rules to those regulating procedures and to endeavor to make said rules, so far as applicable, consistent with the present Florida Rules of Civil Procedure.
The Court expresses its appreciation to the committees of The Florida Bar and the individual judges and attorneys who have given unstintingly of their time to this work.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, CARLTON and ADKINS, JJ., concur.
BOYD, J., dissents.